GEVA BAUMER, ESQ., State Bar #220046
Law Offices of Geva Baumer
405 14th St., Suite 410
Oakland, CA 94612
Tel: (510) 500-4474 Fax: (510) 868-1044
geva@baumeratlaw.com

Attorney for Movant Brian V. Granados

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>Elizabeth Granados<br>               Debtor<br>And In Re:<br>Brian V. Granados<br>               Movant | Case No.: 10-73935<br><br>**MEMROANDUM OR POINTS AND AUTHORITIES RE:MOTION FOR ABANDONMENT OF REAL AND PERSONAL PROPERTIES** |

### I.    FACTS

**A. Background**

1. Movant Brian V. Granados ("Movant") is a debtor in a pending Chapter 13 case, Case No. 12-44391. He is the separated spouse of the above captioned Debtor Ms. Elizabeth Granados (hereinafter: "Debtor"). Their dissolution of marriage case is pending with the Superior Court of California, County of Contra Costa since November 2010. In this motion Movant requests that the Court orders the Chapter 7 Trustee to abandon the following three properties;

  a) **Property located in 1231 Aloha St., Red Bluff CA 96080 ("Red Bluff Property")** - since there is no equity in the property and therefore it is burdensome or of inconsequential value to the estate and because there has been a significant and unreasonable delay in the Chapter 7 Trustee's investigation of the estate.

b) **2005 Cadillac Escalade with 105,000 ("Cadillac Vehicle")** - because there has been a significant and unreasonable delay in the Chapter 7 Trustee's investigation of the estate and since due to its' condition, said property is burdensome to the estate.

c) **1998 Harley Davidson Dyna convertible motorcycle ("HD Motorcycle")** - because there has been a significant and unreasonable delay in the Chapter 7 Trustee's investigation of the estate and since due to its' condition said property is burdensome to the estate.

2. On December 3, 2010 (almost two years ago) Debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code on December 3, 2010. The Chapter 7 Trustee, Fred Hjelmeset had been appointed to administer the Debtor's estate.

3. The above captioned case had been dismissed on February 3, 2011 due to the Debtor's failure to appear at the meeting of creditors (Order Docket # 20). However, the dismissal had been vacated and the case reopened on March 11, 2011 (Order Docket # 35). Meetings of creditors took place on 3/25/11, 4/22/11 and 5/9/11. Notice of possible dividends had been filed by the Trustee on May 2, 2011 (Docket # 40).

4. The Law Office of Stromsheim & Associates had been appointed as counsel for the Chapter 7 Trustee on July 29, 2011 (docket # 56), more than 15 months ago.

5. On August 22, 2011 the counsel for the Chapter 7 Trustee sent Movant a letter, requesting documents and information. Debtor did not provide any documents to the Trustee since no such documents were in his possession. However, he allowed an appraiser on behalf of the Trustee to examine the Cadillac Vehicle and HD Motorcycle.

**B. Red Bluff Property**

6. The Red Bluff property is being owned 50% by Movant's brother Anthony Granados and the other 50% by a family trust for the benefit of Movant and Debtor. Movant's 77 years old mother, Ms. Carol Granados, lives in the Red Bluff Property. This had been her home for many years. Before she transferred her interests in the Red Bluff Property to Movant and his brother they promised her that she can live in the Red Bluff Property for the rest of her life.

2

7. In March 2012 Movant's mother received a demand from the Chapter 7 Trustee, requesting that she pays rent to the Trustee. The demand had been declined with the explanation that Movant's brother is an owner as well and he and Movant's mother make all mortgage payment against the property..

8. There is no equity in the Red Bluff Property since the payoff on the mortgage against the property is $73,367.76 as of September 16, 2012 and the value of the property is estimated to be $62,000. Movant's mother and brother are making all mortgage payments and other expenses associated with the Red Bluff Property. The Chapter 7 Trustee does not make any payments toward this property.

**Cadillac Vehicle**

9. The Cadillac Vehicle does not run. It needs new transmission and other repairs. The cost of the repairs is estimated to be about $4,691.48. In addition to these repairs, the Cadillac Vehicle needs body work. The Cost of the body work is estimated to be around $4,000 - $5,000.00.

10. In March 2012 the Trustee requested that Movant purchase the 2005 Escalade from the Debtor' estate for the amount of $15,000.00, which reflect the Kelly Blue Book retail price of the vehicle. Movant declined.

11. Since the Chapter 7 Trustee claims interests in the Cadillac Vehicle, Movant did not want to invest money in repairing the vehicle, fearing that the Chapter 7 Trustee will take the vehicle from me immediately after the repairs and the money will get lost. In addition, Movant did not renew the vehicle's license and received collection notices. Again, Movant did not want to pay for the vehicle's license, just to have the vehicle taken immediately after by the Trustee.

12. Movant stated that he find his situation to be impossible. On one hand he cannot fix his vehicle and on the other hand he does not know if he needs to invest in purchasing an alternative vehicle.

**C. Harley Davidson Motorcycle**

13. The HD Motorcycle does not run. It has severe oil leaks. It underwent an accident. As result, the front forks were damaged and need to be replaced or repaired, the clutch paddle needs to be replaced or repaired and the motorcycle lights are broken. Movant will need to invest at least $2,000.00 in order to have the motorcycle repaired.

14. In March 2012 the Trustee requested that Movant purchase the HD Motorcycle from the Debtor' estate for the amount of $10,000.00. Movant declined. Movant stated in his declaration that he does not want to invest money and have the motorcycle repaired, just to have the Trustee later taking the motorcycle.

## II. LEGAL ARGUMENT

### A. Burdens and Benefits to the Estate

1. Under 11 U.S.C. § 554(b), the Court may, on request of a party in interest and after notice and a hearing, order the trustee to abandon any property of the bankruptcy estate that is burdensome or of inconsequential value and benefit to the estate. The party seeking abandonment bears the burden of proving the property is either burdensome or of inconsequential benefit and value. The party opposing abandonment must demonstrate the likely benefit to the estate of retaining the property. See *In re Alexander*, 289 B.R. 711, 715 (B.A.P. 8th Cir. 2003). The bankruptcy court has the discretion to determine whether the factual predicates for abandonment are present. *In re Nelson*, 251 B.R. 857, 859 (B.A.P. 8th Cir. 2000). Bankruptcy courts have found that abandonment is appropriate in circumstances where there is no concrete evidence of value to the bankruptcy estate. See, e.g., id. at 861 (affirming the order compelling abandonment where trustee presents only a speculative scenario giving rise to value for the bankruptcy estate from two parcels of over-encumbered real property). The party opposing abandonment must demonstrate the likely benefit to the estate of retaining the property. Speculation and conjecture are not sufficient to make that showing. *Nelson*, 251 B.R. at 860.

2. There is no question the interests of the estate in the Red Bluff (50% rights in a property with negative equity of $11,000.00) is of inconsequential benefit and value to the estate.

3. In addition the Chapter 7 Trustee does not contribute to the expenses (mortgage, real estate taxes and insurance) and maintenance costs associated with the Red Bluff Property. This trustee cannot simply take a free ride of Movant's mother and brother on preserving the Red Bluff and then few years later down the road, if and when the property would show some equity, due to possible change in the real estate market and continued mortgage payments, claim the equity to the estate.

4. It seems that it is also burdensome to the estate to keep broken vehicles or to invest thousands of dollars in their repairs.

**B.      Unreasonable Delay**

5. It is more than 21 month since the above captioned bankruptcy case had been filed and more than 15 months passed since the Trustee's counsel had been appointed.

6. In a Chapter 7 bankruptcy case, the trustee's major responsibility is to "collect and reduce to money the property of the estate . . . and close such estate **as expeditiously as is compatible with the best interests of the parties.**" 11 U.S.C. § 704(a)(1) (emphasis added). "The duty to close the estate expeditiously is the Trustee's main duty and overriding responsibility." *Yadkin Valley Bank & Trust v. Linda McGee, Trustee (In re Hutchinson)*, 5 F.3d 750, 753 (4th Cir. 1993) (citing Collier on Bankruptcy and other cases). "In order to close an estate expeditiously, a bankruptcy trustee must expeditiously perform each task necessary to close the estate, including the liquidation of the estate." *Id*. at 753-54. "The duty to close the estate expeditiously will often conflict with other duties . . . but this conflict is explicitly recognized in the text of the statute itself, which requires the bankruptcy trustee to **balance the need for expeditious conduct against the 'best interest of parties in interest**.'" *Id*. at 754 (quoting 11 U.S.C. § 704(1)) (emphasis added).

In balancing these duties, the trustee is generally permitted, within a reasonable time, to consider the question of abandonment. 5 *Collier on Bankruptcy* ¶ 554.02(2) (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). *Collier* describes the proper balancing as follows:

5

> **"The term "reasonable" implies that the period of deliberation is adaptable to the circumstances. The trustee may wait until he or she is able to ascertain whether there is any profit to be expected for the estate. In fact, it may be the trustee's duty to wait.**
>
> **. . .**
>
> **While the trustee may be accorded a reasonable time period for investigation, when other parties seek a decision about abandonment, there comes a time, as one court put it, "to fish or cut bait." The trustee must close a bankruptcy estate as expeditiously as is compatible with the best interests of the parties. The term expeditiously should be deemed to put a reasonable time limitation on the trustee. Extraordinary delay in closing a bankruptcy estate should generally not be tolerated. Unreasonably holding property that should be abandoned should likewise not be tolerated."**

7. Here, there has been significant unreasonable delay with regard to all three properties included in this motion.

8. In addition, the situation seems highly unfair toward Movant. Under the circumstances Movant does not know if he need to invest thousands of dollars and fix his vehicles, or on the other hand should he simply save and buy another vehicle. At all this time Movant is suppose to store the broken vehicles on his own expense.

9. There is no question that the Trustee could have move faster in her investigation and liquidate or abandon the properties long time ago. It is time "to cut bait", abandon the properties listed in this motion.

### III.
### CONCLUSION

WHEREFORE, the Movant requests that this Court enter an Order directing the trustee to abandon the Debtor's estate's interest in the Red Bluff Property, the Cadillac Vehicle and the HD Motorcycle.

DATED this 2 Day of November 2012

                                                /s/ Geva Baumer_____
                                                Geva Baumer
                                                Attorney for Movant